J-S28012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES DAVID HUBER | : | |
| Appellant | : | No. 611 MDA 2022 |

Appeal from the PCRA Order Entered April 5, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002794-2017

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:          **FILED:  SEPTEMBER 9, 2022**

Appellant, James David Huber, appeals *pro se* from the order entered on April 5, 2022, which dismissed his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 16, 2019, Appellant entered a negotiated guilty plea to one count of sexual abuse of children, one count of unlawful contact with a minor, and two counts of corruption of minors.[1]  That day, the trial court sentenced Appellant to serve an aggregate, negotiated sentence of five to ten years in prison, followed by 14 years of probation.  **See** N.T. Guilty Plea and Sentencing Hearing, 12/16/19, at 2-21.  Appellant did not file a notice of appeal from his judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 6312(c), 6318(a)(5), and 6301(a)(1)(ii), respectively.

On December 14, 2020, Appellant filed a timely, *pro se* PCRA petition, where he claimed that his plea counsel provided him with ineffective assistance. **See** *Pro Se* PCRA Petition, 12/14/20, at Appendix 1. The PCRA court appointed counsel to represent Appellant during the proceedings. However, on January 3, 2022, court-appointed counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See Turner**/**Finley** Letter, 1/3/22, at 1.

On February 8, 2022, the PCRA court granted counsel leave to withdraw and issued Appellant notice that it intended to dismiss the petition in 20 days, without holding an evidentiary hearing. **See** Pa.R.Crim.P. 907(1).

Even though the PCRA court had already granted counsel leave to withdraw, on February 15, 2022, Appellant filed a motion for leave to proceed *pro se* during the PCRA proceedings. That same day, Appellant also filed a motion for leave to amend his PCRA petition. Within Appellant's motion for leave to amend, Appellant did not raise any substantive claim. Instead, Appellant simply requested that the PCRA court grant him additional time to file an amended petition. **See** Appellant's Motion for Leave to Amend PCRA Petition, 2/15/22, at 1-3.

On February 24, 2022, Appellant filed a *pro se* response to the PCRA court's notice of intent to dismiss, in which Appellant claimed that his PCRA counsel provided him with ineffective assistance and that the PCRA court judge was biased against him, as she was "appointed to the common pleas bench

directly from the Berks County District Attorney's Office." Appellant's *Pro Se* Response, 2/24/22, at 1-7.

The PCRA court finally dismissed Appellant's PCRA petition on April 5, 2022 and Appellant filed a timely notice of appeal. Appellant raises two claims to this Court:

> 1. Did the failure of the PCRA court to address or act upon [Appellant's] motions for leave to proceed self-represented and amend his initial *pro se* PCRA petition or the issues raised in his Rule 907 response to the court, and subsequent dismissal of [Appellant's] initial *pro se* PCRA petition, constitute clear error and an abuse of discretion that violated [Appellant's] rights under the state and federal constitutions?
>
> 2. Does the due process clause of the Federal Constitution prohibit [Appellant's] trial judge from sitting in the capacity of PCRA judge and adjudicating [Appellant's] claims for post-conviction relief regarding constitutional violations in which the trial judge participated or was directly involved?

Appellant's Brief at 4 (some capitalization omitted).

First, Appellant claims that the PCRA court erred when it: 1) failed to rule upon his motion to proceed *pro se*; 2) failed to rule upon his motion to amend his PCRA petition; and, 3) failed to grant him relief on his claims that PCRA counsel was ineffective. These claims fail.

Appellant's first sub-claim contends that the PCRA court erred when it failed to rule upon his motion for leave to proceed *pro se*. This claim immediately fails, as Appellant filed the motion for leave to proceed *pro se* after the PCRA court had already granted Appellant's counsel leave to withdraw. Therefore, at the time Appellant filed the petition, Appellant was,

in fact, proceeding *pro se*. Any claim that the PCRA court erred when it failed to rule upon Appellant's request to proceed *pro se* is, thus, moot.

Appellant also claims that the PCRA court erred when it failed to rule upon his motion for leave to amend his PCRA petition. This claim fails, as Appellant did not raise any substantive claim in this motion. Instead, Appellant's motion for leave to amend merely requested that the PCRA court grant him additional time to file an amended petition. **See** Appellant's Motion for Leave to Amend PCRA Petition, 2/15/22, at 1-3. However, when Appellant filed his motion, the PCRA court had already provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days – and Appellant has not provided this Court with any argument as to how the trial court's refusal to grant him additional time caused him any prejudice whatsoever. **See** Appellant's Brief at 9-11. This is especially true, given that Appellant filed a timely response to the PCRA court's Rule 907 notice and, within the response, Appellant raised substantive claims that his PCRA counsel was ineffective and that the PCRA court judge was biased against him. Appellant's *Pro Se* Response, 2/24/22, at 1-7. Therefore, Appellant's second sub-claim necessarily fails.

Appellant's third sub-claim asserts that the PCRA court erred when it dismissed his petition in the face of his allegations that PCRA counsel provided him with ineffective assistance. **See id.** at 12.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence

resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of

success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

Within his brief, Appellant baldly claims that PCRA counsel was ineffective because counsel failed to properly communicate with him. Appellant's Brief at 13. However, Appellant has failed to identify any non-frivolous claim that PCRA counsel should have raised in an amended petition. *See* Appellant's Brief at 11-13. Therefore, Appellant has not demonstrated that PCRA counsel's alleged ineffectiveness caused him prejudice. Appellant's ineffectiveness claim thus fails. *Stewart*, 84 A.3d at 707 ("[a] failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim)"

Appellant's second numbered claim contends that the PCRA court judge erred when she did not recuse herself from the case, as she "demonstrated actual bias during the course of [Appellant's] post-conviction proceedings." Appellant's Brief at 19.

We review a trial court's decision to deny a motion to recuse for an abuse of discretion. *Vargo v. Schwartz*, 940 A.2d 459, 471 (Pa. Super. 2007). Our review of a trial court's denial of a motion to recuse allows for deference to the trial court's decision on the matter. *Id.* ("we extend extreme deference to a trial court's decision not to recuse"). In *Commonwealth v. Harris*, 979 A.2d 387, 391–392 (Pa. Super. 2009), this Court stated, "[w]e recognize that our trial judges are 'honorable, fair and competent,' and although we employ an abuse of discretion standard, we do so recognizing that the judge [her]self is best qualified to gauge [her] ability to preside impartially." *Harris*, 979 at 391–392 (citations and some quotation marks omitted). Thus, a trial court judge should grant the motion to recuse only if a doubt exists as to his or her ability to preside impartially or if his or her impartiality can be reasonably questioned. *In re Bridgeport Fire Litigation*, 5 A.3d 1250, 1254 (Pa. Super. 2010).

In order to prevail on a motion for recusal, the party seeking recusal must "produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." *In re S.H.*, 879 A.2d 802, 808 (Pa. Super. 2005) (quotation marks and citations omitted).

Here, Appellant claimed that the PCRA court judge should have recused herself, as she was "appointed to the common pleas bench directly from the Berks County District Attorney's Office." Appellant's *Pro Se* Response, 2/24/22, at 1-7. This claim fails, as Appellant's claim of bias is based solely upon the fact that the PCRA court judge was formerly employed by a district

attorney's office. Yet, as our Supreme Court has held: "[a] jurist's former affiliation, alone, is not grounds for disqualification." *Commonwealth v. Abu–Jamal*, 720 A.2d 79, 90 (Pa. 1998). And, since Appellant has not raised any other claim or argument that the PCRA court judge was unable to preside impartially over his case, Appellant's final claim on appeal fails.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/09/2022